IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMERITUS BOARD, LAWRENCE C. DORF, and CHICAGO EDUCATIONAL RESEARCH FOUNDATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 17 CV 2830 |
| v. | ) ) | Judge Jorge L. Alonso |
| KENT STATE UNIVERSITY FOUNDATION, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiffs' motion to dismiss Count I of the Amended Counterclaim [41] is denied.

## STATEMENT

Plaintiffs, the Emeritus Board (which purportedly acts as successor to the rights of the Chicago Board of Trade Educational Research Foundation ("CBOT-ERF"), a now-defunct charitable organization), Lawrence C. Dorf (the current "Donor Representative" of the Emeritus Board), and Chicago Educational Research Foundation, bring this suit based on a $1.2 million donation ("the funds") that CBOT-ERF made to defendant Kent State University Foundation ("KSUF") in 2002. According to a written gift agreement between CBOT-ERF and defendant, the donation was for the express purpose of funding an annual symposium dedicated to "futures and options," and supporting Kent State University's Master of Science in Financial Engineering ("MSFE") program, which it charged with administering expenditures of the funds (*i.e.*, hosting the symposium). (*See* Kent State University Foundation and Chicago Board of Trade Educational Research Foundation Agreement, Compl. Ex. A, ¶¶ 3, 6, ECF No. 2-1, at 19-20.) At the center of the parties' dispute is paragraph 10 of the agreement, which provides that, if "State

or Federal laws, actions, dissolutions of Kent State University or other events render expenditures unnecessary or impracticable for the purposes and objectives specified in this Agreement and the Donor or Donor's Representative . . . does not provide *alternative feasible directions as to use of the CBOT-ERF [funds]* within twelve (12) months after notice of the need for modifications, the [funds] may be expended by the Directors of the Foundation for support of such programs that further the purposes for which the [funds] were established." (*Id.* ¶ 10 (emphasis added).) CBOT-ERF was dissolved soon after making the gift to defendant, and CBOT-ERF's directors formed an "Emeritus Board" to assume CBOT-ERF's rights and obligations.

After some years, Kent State University dissolved the MSFE program. In 2012, defendant notified the Emeritus Board that the annual symposium would have to be discontinued since the MSFE program no longer existed to host it. In light of those developments, defendant requested "alternative feasible directions as to use" of the funds, pursuant to paragraph 10 of the gift agreement. The ultimate consensus of the Emeritus Board was to form a new charitable organization, the plaintiff Chicago Educational Research Foundation ("CERF"), to receive the funds and determine another use for them. Plaintiffs requested defendant to transfer the funds to this new organization.

Although it initially agreed to comply with plaintiffs' request, defendant ultimately refused to make the transfer. Plaintiffs filed this lawsuit, seeking (among other relief) a declaration that refusing to transfer the funds to CERF breached the gift agreement and a judgment ordering defendant to make the transfer. In addition to filing an answer in which it denied the allegation that it breached the gift agreement, defendant filed a counterclaim, asking

the Court in Count I[1] to modify the restrictions in the gift agreement under the doctrines of cy pres or deviation to permit defendant to keep the funds.

Plaintiffs have moved to dismiss Count I of the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In support of their motion, plaintiffs argue that defendant cannot resort to equitable doctrines such as cy pres to modify the express terms of the contract, which, according to plaintiffs, plainly permit plaintiffs to provide defendant with "alternative feasible directions as to use" of the funds, including directions to transfer the funds to a different charitable organization. Because plaintiffs have provided "alternative feasible directions," they argue, defendant must abide by the terms of the contract and follow their directions to transfer the funds to CERF.

According to defendant, however, the disputed provision of the agreement, read in light of all of the gift agreement's other terms, does not require defendant to transfer the funds to CERF or any other entity. Defendant asserts that paragraph 10 provides essentially that, if using the funds to hold the annual symposium becomes impracticable, the Emeritus Board's Donor's Representative may provide alternative feasible directions as to use of the funds within twelve months, or defendant may choose how best to use the gifted funds to effectuate the purpose of the gift. No alternative recipient of the funds is specified. Defendant emphasizes that paragraph 10, and the agreement as a whole, contemplate that, regardless of whether defendant receives alternative feasible directions, the funds will remain with defendant. Although it may be that, due to the dissolution of the MSFE program, the Emeritus Board has the right to direct how defendant will *use* the funds, defendant argues, the agreement does not give the Emeritus Board or its representative the right essentially to revoke the gift.

---

[1] The counterclaim also contains a second count, in which defendant has alleged that plaintiffs have no standing to assert any rights under the gift agreement, but those allegations are irrelevant to the present motion.

3

"A motion [to dismiss] under Rule 12(b)(6) tests whether [a pleading] states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A pleading that purports to state a claim for relief—in this case, a counterclaim—must "'give the defendant fair notice of what the claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), and the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555. Stated differently, a pleading that purports to state a claim for relief "must . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "When considering a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and construes all reasonable inferences in the non-moving party's favor." *Doe v. Johnson*, No. 15-CV-01387, 2016 WL 861240, at *1 (N.D. Ill. Mar. 7, 2016) (citing *Kubiak v. City of Chi.*, 810 F.3d 476, 480-81 (7th Cir. 2016)).

Under this favorable standard, the Court cannot say that defendant fails to state a claim. The contract language is ambiguous as to whether the dissolution of the MSFE program and discontinuance of the annual symposium permit the donor's representative to direct defendant to surrender the gifted funds, along with the substantial benefit the use of those funds is able to provide to Kent State University's students, or merely to direct defendant to spend the funds in some other way that both contributes generally to educating students, scholars, and the public about futures and options *and* allows defendant to provide a particular educational benefit to the students of Kent State University.

The cases plaintiffs have cited do not convince the Court otherwise since, as defendant explains in its response brief, they involved express "gift over" instructions "to a specific

alternative recipient if the specific purpose of the gift failed." (Resp. Br. at 8, ECF No. 43.) That is not the case here, where the contract does not include any instruction as to an alternative recipient. Indeed, Paragraph 10 expressly provides for defendant to use its judgment as to how best to "expend [the funds] for support of such programs that further the purposes for which the [funds] were established," if expenditures for the specified purpose become impracticable, in the absence of alternative instructions from the donor's representative. The contract does not expressly state whether the Emeritus Board has the right to direct defendant to surrender the funds, and some textual evidence supports an inference that that was not the intent of the parties. It is at least plausible that the parties intended the funds to remain with defendant and trusted defendant to spend it in accord with the purpose of the agreement.

That is not to say that defendant's interpretation of the gift agreement is necessarily correct. "'The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits.'" *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chi. Hous. Authority*, 892 F.2d 583, 586 (7th Cir.1989) *abrogated on other grounds by Bd. of Cty. Comm'rs, Wabaunsee Cty., Kan. v. Umbehr*, 518 U.S. 668, 673 (1996)). The contract is ambiguous with respect to the parties' rights in the present situation, and it is possible that evidence outside the pleadings will assist in interpreting the contract and tip the balance in one party's favor or the other. Additionally, even assuming that defendant's interpretation of the contract is correct, it does not necessarily follow that defendant is entitled to the relief it requests in the form of the precise modifications it has proposed. Regardless, assuming that defendant's allegations are true and drawing all reasonable inferences in its favor, plaintiffs have not shown that defendant is unable to obtain any relief on Count I of its counterclaim. Plaintiffs' motion to dismiss is denied.

**SO ORDERED.**

                                        **ENTERED: November 17, 2017**

                                        _____
                                        **HON. JORGE ALONSO**
                                        **United States District Judge**